**STONE LAW GROUP, PLC**
Shawn Louis Stone (SBN 23558)
3030 N. 3rd Street, Suite 200
Phoenix, AZ 85012
sstone@stonelawaz.com
Tel: (602) 264-0500 / Fax: (602) 264-0501

**BYBEE LAW CENTER, PLC**
Floyd W. Bybee (SBN 12651)
90 S. Kyrene Road, Suite 5
Chandler, AZ 85226-4687
floyd@bybeelaw.com
Tel: (480) 756-8822 / Fax: (480) 302-4186

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Raquel Martinez,<br><br>       Plaintiff,<br><br>    vs.<br><br>J. Mark Heldenbrand, PC, an Arizona professional corporation; J. Mark Heldenbrand and Jane Doe Heldenbrand, husband and wife; Don Kunkel and Jane Doe Kunkel, husband and wife; and Jeremy Bradford and Jane Doe Bradford, husband and wife.<br><br>       Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. §

1692(k)(d), and 28 U.S.C. § 1367 for pendent state law claims.

Complaint – 1

2.     This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and for unreasonable debt

collection and invasion of privacy pursuant to the doctrine enunciated in *Fernandez v. United*

*Acceptance Corporation*, 610 P.2d 461 (Ariz. App. 1980), and the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq*., out of the invasions of Plaintiff's

personal and financial privacy by these Defendants and their agents in their illegal efforts to

collect a consumer debt from Plaintiff.

3.     Venue is proper in this District because the acts and transactions occurred here,

Plaintiff resides here, and Defendants transact business here.

4.     Plaintiff Raquel Martinez ("Plaintiff") is a natural person who resides in the City

of Tucson, County of Pima, State of Arizona, and is a "consumer" as that term is defined by 15

U.S.C. § 1692(a)(3) and/or a person affected by a violation of the FDCPA with standing to bring

a claim under 15 U.S.C. § 1692(k).

5.     Defendant J. MARK HELDENBRAND, PC (hereinafter "Defendant Heldenbrand

PC") is an Arizona professional corporation and a collection law firm with a principle place of

business at 2532 E. University Dr., Suite E350, Phoenix, Arizona 85034, and is a "debt

collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

6.     Defendant J. MARK HELDENBRAND (hereinafter "Defendant Heldenbrand") is

a natural person who, at all times relevant herein, is the sole principal and managing attorney of

Defendant Heldenbrand PC and is a "debt collector" as that term is defined by 15 U.S.C. §

1692(a)(6).

7.     At all times relevant herein, Defendant Deldenbrand was the owner of Defendant Heldenbrand PC, and controlled the day to day management of the collection of consumer debts.

8.     Defendant JANE DOE HELDENBRAND is a fictitiously named spouse of Defendant Heldenbrand.  Leave to amend the Complaint will be made upon the determination of the true identity of Jane Doe Heldenbrand.  All acts of Defendant Heldenbrand were undertaken as agents for, and for the benefit of, his marital community and by reason thereof, the marital community is liable for the conduct of Defendant Heldenbrand as alleged herein.

9.     Defendant DON KUNKEL (hereinafter "Defendant Kunkel") is a natural person who was employed, at all times relevant herein, by Defendant Heldenbrand PC as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     Defendant JANE DOE KUNKEL is a fictitiously named spouse of Defendant Kunkel.  Leave to amend the Complaint will be made upon the determination of the true identity of Jane Doe Kunkel.  All acts of Defendant Kunkel were undertaken as agents for, and for the benefit of, his marital communityand by reason thereof, the marital community is liable for the conduct of Defendant Kunkel as alleged herein.

11.     Defendant JEREMY BRADFORD (hereinafter "Defendant Bradford") is a natural person who was employed, at all times relevant herein, by Defendant Heldenbrand PC as a collection agent, and/or manager of Defendant Heldenbrand PC, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     Defendant JANE DOE BRADFORD is a fictitiously named spouse of Defendant Bradford.  Leave to amend the Complaint will be made upon the determination of the true identity of Jane Doe Bradford.  All acts of Defendant Bradford were undertaken as agents for,

and for the benefit of, his marital community and by reason thereof, the marital community is liable for the conduct of Defendant Bradford as alleged herein.

## FACTUAL ALLEGATIONS

13.     About May/June 2012, Plaintiff incurred a financial obligation that was used primarily for personal, family or household purposes, which subsequently went into default for nonpayment, and is, therefore, a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5), namely, a cash loan, in the approximate amount of $300.00.

14.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

### September 2012 Collection Calls

15.     In or around the end of September 2012, Defendant Heldenbrand PC's collector, Defendant Kunkel, in an effort to collect this debt, made several attempts to contact Plaintiff by telephone at Plaintiff's place of employment, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692(a)(2).

16.     During those calls, Defendant Kunkel spoke with several of Plaintiff's co-workers by telephone and left messages with Plaintiff's co-workers that Plaintiff owed money on an account.

17.     Defendant Kunkel threatened Plaintiff's co-workers that if Plaintiff did not return Defendant Kunkel's call by a certain date and time, Defendant Kunkel would send a tow truck to Plaintiff's place of employment to repossess Plaintiff's vehicle.

18.     After receiving three or four written telephone messages in a single day from Defendant Kunkel demanding payment from Plaintiff and threatening to repossess Plaintiff's vehicle, Plaintiff returned Defendant Kunkel's call.

19.     In the course of the conversation, Defendant Kunkel asked Plaintiff why she was not making payments.  When explaining to Defendant Kunkel why she could not make payments, Defendant Kunkel interrupted Plaintiff and told Plaintiff "I have heard a lot of your pity already. You owe a debt and you better pay it!" Defendant Kunkel then hung up on Plaintiff.

20.     Plaintiff was extremely upset and started crying when Defendant Kunkel hung up on her.  She felt threatened by Defendant Kunkel's call because she feared, amongst other things, that her car would be repossessed and she would not be able to get to work.

21.     The aforementioned collection calls were communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692(b)(1), 1692(b)(2), 1692(b)(3), 1692(d), 1692(d)(5), 1692(e), 1692(e)(3), 1692(e)(5), 1692(e)(10), 1692(f), and 1692(f)(6), amongst others.

**Additional Calls**

22.     On October 28, 2012, Plaintiff left a voicemail for Defendant Kunkel requesting that Defendant Kunkelcall Plaintiff back on her cellular phone.

23.     On October 29, 2012, Defendant Kunkel returned Plaintiff's call on her cellular phone as requested.  During that call, Plaintiff told Defendant Kunkel that his calls to Plaintiff's place of employment were scaring Plaintiff and scaring Plaintiff's co-workers.

24.     During that same call, Plaintiff told Defendant Kunkel to stop calling her cellular phone and stop calling her at work.

25.     Despite Plaintiff telling Defendant Kunkel to stop calling her at work or on her cellular phone, Defendant Kunkel continued to call Plaintiff's cellular phone number.

26.     The aforementioned collection calls were communications in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, 15 U.S.C. § 1692(b)(1), 1692(b)(2), 1692(b)(3), 1692(c)(a)(3), 1692(c)(b), 1692(d), 1692(d)(2), 1692(d)(5), 1692(e), 1692(e)(2), 1692(e)(3), 1692(e)(5), 1692(e)(10), 1692(f), and 1692(f)(6), amongst others.

### *False Threat of Vehicle Repossession*

27.     On numerous occasions, Defendants Kunkel and Bradford falsely threatened Plaintiff by telephone that Defendants were going to repossess her vehicle if she did not pay her debt.

28.     On October 31, 2012, Defendant Kunkel told Plaintiff her vehicle was up for repossession and that Plaintiff was "a done deal in [his] book."

29.     These collection calls were communications by Defendants Kunkel and Bradford in violation of numerous and multiple provisions of the FDCPA, including, but not limited to,15 U.S.C. § 1692(d), 1692(d)(5), 1692(e), 1692(e)(2), 1692(e)(4), 1692(e)(5), 1692(e)(7), 1692(e)(10), 1692(f), and 1692(f)(6), amongst others.

### *Telephone Consumer Protection Act*

30.     At all times relevant to this Complaint, the Plaintiff was, and is, a "person" as defined by the TCPA 47 U.S.C. § 153(32).

31.    At all times relevant to this Complaint, the Defendant Heldenbrand PC has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

32.    The Defendant Heldenbrand PC, at all times relevant to the Complaint, herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(43).

33.    At all times relevant to this Complaint, the Defendant Heldenbrand PC has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Autodialed Collection Calls*

34.    Within one year immediately preceding the filing of this lawsuit, Defendant Heldenbrand PC telephoned the Plaintiff's cellular phone on numerous occasions in violation of the TCPA.

35.    Defendant Heldenbrand PC and its collectors repeatedly called Plaintiff on her cell phone using an automatic telephone dialing system and left her voice mails on her cell phone in an attempt to collect this debt.

### *Cease and Desist Demand Ignored*

36.    On October 29, 2012, Plaintiff personally spoke to Defendant Kunkel and explicitly revoked any permission or consent Defendant Heldenbrand PC may have had to call her cellular telephone number and instructed Defendant Heldenbrand PC's office to never call her cellular telephone ever again.

37.    In response to Plaintiff's demand to cease calls to her cellular telephone, Defendant Heldenbrand PC's office continued to call her cellular telephone using an automated computerized dialer.

38.    Said calls were a willful violation of the TCPA.

39.    These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, as well as violations of the TCPA.

### *Summary*

40.    All of the above-described collection communications made to Plaintiff by Defendant Kunkel, Defendant Bradford, and other collection employees employed by Defendant Heldenbrand PC, were made in violation of numerous and multiple provisions of the FDCPA, including, but not limited to, all of the above-mentioned provisions, amongst others.

41.    The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff's privacy by an intrusion upon seclusion and by violating Plaintiff's right to be let alone and has resulted in actual damages to the Plaintiff.

42.    This series of abusive collection calls by Defendant Heldenbrand PC, Defendant Kunkel, Defendant Bradford, and other collection employees and the emotionally abusive manner in which this debt was being collected by these Defendants, caused Plaintiff to experience uncontrollable crying, loss of appetite, panic attacks, hives, vomiting, nausea, diarrhea, sleeplessness and inability to eat.

43.     Defendants' illegal abusive collection communications, as more fully described above, were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused Plaintiff unnecessary distress.

44.     Plaintiff has suffered actual damages, as a result of these illegal collection communications from these Defendants, in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**Respondeat Superior Liability**

45.     The acts and omissions of Defendants Kunkel and Bradford, and the other debt collectors employed as agents by Defendant Heldenbrand PC and Defendant Heldenbrand, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Heldenbrand PC and Defendant Heldenbrand.

46.     The acts and omissions by Defendants Kunkel and Bradford and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Heldenbrand PC and Defendant Heldenbrand in collecting consumer debts.

47.     By committing these acts and omissions against Plaintiff, Defendants Kunkel and Bradford and these other debt collectors were motivated to benefit their principal, Defendant Heldenbrand PC and Defendant Heldenbrand.

48.     Defendant Heldenbrand PC and Defendant Heldenbrand are, therefore, liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts,

errors, and omissions done in violation of state and federal law by its collection employees, including, but not limited to,violations of the FDCPA and Arizona tort law, in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

49.     Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

50.     Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

51.     The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

52.     As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3), from each and every Defendant herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 *et seq.*

53.     Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

54.     Within the one-year period immediately preceding this action, the Defendant Heldenbrand PC made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200(a)(1)(iii).

55.     The acts and/or omissions of Defendant Heldenbrand PC, at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

56.     As a causally direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant Heldenbrand PC, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

57.     Defendant Heldenbrand PC did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

58.     Defendant Heldenbrand PC made such calls willfully, and in direct contradiction of the Plaintiff's October 29, 2012, demand to cease calling her cellular telephone.

59.     Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 or $1,500.00 per phone call made to Plaintiff.

## COUNT III.

## INVASION OF PRIVACY

60. Plaintiff incorporates, by reference, all of the paragraphs of this Complaint as though fully stated herein.

61. In passing the Fair Debt Collection Practices Act, Congress explicitly recognized a consumer's inherent right to privacy, when it stated as part of its findings:

**Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

62. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of Plaintiff, namely by repeatedly and unlawfully attempting to collect a debt and thereby invading Plaintiff's privacy.

63. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Plaintiff, namely by repeatedly contacting her to pay this debt and making false threats of repossession, thereby invading Plaintiff's right to privacy and to be let alone.

64. Defendants and their agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

65.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and private concerns or affairs.

66.     The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy against Plaintiff by these Defendants which occurred in a way that would be highly offensive to a reasonable person in Plaintiff's position.

67.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages and punitive damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

a)     For an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1) against each and every Defendant and for Plaintiff;

b)     for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A) against each and every Defendant and for Plaintiff; and

c)     for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3) against each and every Defendant and for Plaintiff.

## COUNT II.

## INVASION OF PRIVACY

## 47 U.S.C. Section 227 et seq.

a)    For an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against every Defendant and for Plaintiff.

b)    for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against every Defendant andfor Plaintiff; and

c)    for an injunction prohibiting every Defendant from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY

a)    For an award of actual and punitive damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

b)    for such other and further relief as may be just and proper.

Dated: February 18, 2013.

/ s / Shawn L. Stone

_____

**STONE LAW GROUP, PLC**
Shawn Louis Stone (SBN 23558)
3030 N. 3rd Street, Suite 200
Phoenix, AZ 85012
Tel: (602) 264-0500 / Fax: (602) 264-0501

**BYBEE LAW CENTER, PLC**

Floyd W. Bybee (SBN 12651)
90 S. Kyrene Road,Suite 5
Chandler, AZ 85226-4687
Tel: (480) 756-8822 / Fax: (480) 302-4186

Attorneys for Plaintiff